IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| MRS. DARLENE M. STRUNK | : | CIVIL ACTION |
| MS. CINTHIA M. YODER, | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| EAST COVENTRY TOWNSHIP | : | NO. 17-3339 |
| POLICE DEPARTMENT, et al. | : | |
| Defendants. | : | |

FILED
NOV 22 2017
KATE BARKMAN, Clerk
By_____ Dep. Clerk

## MEMORANDUM

SÁNCHEZ, J.                                           NOVEMBER 22nd, 2017

Plaintiffs Cynthia Yoder and her mother, Darlene Strunk, bring this lawsuit against Theresa Andriszak, the East Coventry Township Police Department, the Chief of the East Coventry Township Police Department, and two police officers. Plaintiffs' claims are primarily based on an incident in which two officers visited their home to resolve a civil issue concerning property that Ms. Yoder permitted Ms. Andriszak to keep at their home. The Court initially denied plaintiffs leave to proceed *in forma pauperis* and plaintiffs seek reconsideration of that order. For the following reasons, the Court will grant plaintiffs leave to proceed *in forma pauperis* and dismiss their complaint.

### I. FACTS

Ms. Yoder lives in her parents' home with her mother. According to the complaint, Ms. Yoder offered to store two items for Ms. Andriszak—identified as Ms. Yoders "former friend"— while Ms. Andriszak was staying at a shelter for several weeks in early 2016. Ms. Yoder alleges that she lost touch with Ms. Andriszak in May of 2016.

1

On July 16, 2016, Ms. Andriszak texted Ms. Yoder. Ms. Yoder alleges that she "did not return the text nor did she call Ms. Andriszak as it was her time to be busy." Attachments to the complaint reflect that Ms. Andriszak was attempting to get in touch with Ms. Yoder to let her know that she would be stopping by the home to retrieve her belongings. On August 5, 2016, Ms. Andriszak showed up at the Strunk home. Ms. Yoder told her that she was no longer welcome, asked her to leave, and told her that the "property is posted." Ms. Andriszak informed Ms. Yoder that she was calling the police.

Later that evening, Officer Campitelli and Officer Cuellars of the East Coventry Township Police Department arrived at plaintiffs' home and parked in the driveway, apparently in response to Ms. Andriszak's call. Ms. Yoder notes that the officers had their guns in their holsters. She also indicates that a sign on the property read "Authorized Personnel Only KEEP OUT." Ms. Yoder "went out and spoke" to the officers. She alleges that, during the encounter, "Ms. Andriszak was focusing on her own wants demonstrating no consideration for the Strunk's, Ms. Yoder or what may be going on in their lives." She also alleges that Ms. Andriszak and the officers "showed no respect for the Strunk's [sic], their property, privacy or the damages being done to the character of the Strunk's or Ms. Yoder."

The complaint alleges that "Ms. Yoder after speaking with Mr. Cuellars, under duress and fear of her life as Mr. Cuellars was armed with a gun, as was Mr. Campitelli, was able to return a black bag which contained a blanket/comforter after exposing personal belonging of the Strunk's garage. Ms. Yoder provided this due to the winter weather approaching, she is not heartless and knew where it was located." Ms. Yoder informed the officers that she did not know where Ms. Andriszak's other item was located. Officer Cuellars stated that the officers

would not search the home and informed Ms. Andriszak that she would have to file a complaint with a Magisterial Judge to retrieve the second item.

Based on those allegations, plaintiffs initiated this lawsuit, pursuant to 42 U.S.C. § 1983, claiming violations of their constitutional rights.[1] The complaint also explains that Officer Campitelli was summoned by Ms. Yoder to the Strunks' property in June of 2016 regarding what Ms. Yoder believed to be an "unwanted solicitation." It appears from a police report attached to the complaint that the "solication" was a notice about a foreclosure action concerning the property, which Ms. Yoder believed violated a township ordinance. Officer Campitelli referred the matter to the Township Solicitor, who opined that posting of the notice did not violate the ordinance. When Ms. Yoder disagreed, the Officer suggested that she contact an attorney. Plaintiffs also attached to the complaint an email that Ms. Yoder sent to Officer Campitelli, which reported that someone improperly parked at their home in May of 2016.

## II. STANDARD OF REVIEW

The Court will give plaintiffs the benefit of the doubt and grant their motion for reconsideration to allow them to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) require the Court to dismiss the complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.*

---

[1] The complaint also references the Americans with Disabilities Act. However, nothing in the complaint reflects that plaintiffs were discriminated against based on a disability in a manner that would violate that statute.

3

*Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiffs have not pled a plausible constitutional violation here. Plaintiffs appear to be claiming that Officer Cuellars and Officer Campitelli violated their rights by "trespassing" on their property to resolve the civil dispute with Ms. Andriszak. However, "a police officer not armed with a warrant may approach a home and knock, precisely because that is 'no more than any private citizen might do.'" *Florida v. Jardines*, 569 U.S. 1, 8 (2013) (quoting *Kentucky v. King*, 563 U.S. 452, 469 (2011)); *Estate of Smith v. Marasco*, 318 F.3d 497, 519 (3d Cir. 2003) ("Officers are allowed to knock on a residence's door or otherwise approach the residence seeking to speak to the inhabitants just as any private citizen may."). Courts have held that "just the presence of a 'No Trespassing' sign is not alone sufficient to convey to an objective officer, or member of the public, that he cannot go to the front door and knock." *United States v. Carloss*, 818 F.3d 988, 995 (10th Cir. 2016) (collecting cases).

Per the complaint, all the Officers did here was park in the driveway and speak to Ms. Yoder outside in an effort to resolve the dispute with Ms. Andriszak. They did not enter or search the home, and Ms. Yoder returned Ms. Andriszak's comforter because she knew where it

4

was and—according to her—did not want to be "heartless" because winter was coming.[2] None of the facts alleged in the complaint supports a plausible basis for a constitutional violation stemming from the officers' August 5, 2016 visit to the plaintiffs' home.

Nor is there any other basis for a constitutional claim apparent from the complaint. Plaintiffs cannot state a claim based on the fact that the East Coventry Township Police department did not further investigate or respond to Ms. Yoder's report that someone had trespassed on the property in June of 2016 or illegally parked at the home. *Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) ("[A]n allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim." (quotations omitted)); *see also Boseski v. N. Arlington Municipality*, 621 F. App'x 131, 135 (3d Cir. 2015) (per curiam) ("Boseski has no cognizable claim against a government entity for its failure to investigate or bring criminal charges against another individual."). Plaintiffs' general dissatisfaction with the quality of the police department is also not a basis for a lawsuit.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's complaint. Plaintiff will not be given leave to amend because it appears that amendment would be futile, as nothing alleged provides a plausible basis for a constitutional claim here. An appropriate order follows, which shall be docketed separately.

---

[2] Ms. Yoder's allegation indicates that she willingly returned the comforter because it was the right thing to do. However, in a contradictory allegation, she alleges that she felt obligated to return the item because the officers were carrying guns. It is not reasonable to conclude that the mere presence of guns in the officers' holsters during the encounter equates to inappropriate police conduct or led to a violation of the plaintiffs' rights.